United States District Court for The Southern District

WILLNESHIA TAYLOR MAGEE:
Willneshia Taylor Magee        Case No._____
 Plaintiff:
vs.
Florida Power & Light/Next Era Energy
Defendant:                                    :

```
FILED BY___MEE___ D.C.

MAR 27 2024

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S.D. OF FLA. -- W.P.B.
```

## PLAINTIFFS COMPLAINT FOR DAMAGES AND JURY DEMAND

COMES NOW, person WILLNESHIA TAYLOR MAGEE, presented by woman Willneshia Taylor Magee allege and state as follows (Please note that the spelling of each name is important and will always be as above throughout this complaint for clarity in the court.)

### 1. INTRODUCTION

This Civil Action is brought by a private non-citizen before this Honorable Court for actual, statutory damages, punitive damages and cost of actions against defendant Florida Power & Light/Next Era Energy for peonage by subjecting plaintiff to being held in debt servitude due to fraud, pursuant to 18 USC 1581, This action is founded on federal question jurisdiction under 28 U.S.C. § 1331, as the breach of contract case involves substantial federal issues that are crucial to its resolution., **Embezzlement, Theft, Trust Fraud. Defamation of Character,** Wire Fraud, Securities Fraud, Material Alteration, Perjury, Unjust Enrichment, Money Laundering, Negligence, False and Misleading Statements, Identity Theft, RICO, Trespass on Cestui Que, Mail Fraud, Anxiety, False Statements, and the Uniform Commercial Code (UCC), resulting in harm to the Plaintiff, [Willneshia Taylor Magee] failing to provide full disclosure and for the violations of the Fiduciary Obligations Act, for Utilizing Racketeering Activity in the connection of a consumer credit transaction and for violations made under the Consumer Protection Act.

### II.
### JURISDICTION AND VENUE
1. This Court has jurisdiction over this action and all counts under 28 U.S.C. § 1331.
2 Venue in this district is proper under 28 U.S.C. § 1391 because the events giving rise to
   this claim originated in this district. Joinder in this district is proper as to both Defendants
   Under Rule 20(a) of the Federal
   Rules of Civil Procedure (1) the claims against Defendants arise out of the same
   transaction, occurrence, or series of transactions or occurrences, and (2) there is a
   question of law or facts common to all Defendants.
3. Through power of naturalization, found in 8 USC 1101(a)(23), Willneshia Taylor Magee confers the nationality of the state called "STATE OF FLORIDA" on WILLNESHIA TAYLOR MAGEE, after birth by any means whatsoever. This satisfies the jurisdictional requirement of the court.
            Willneshia Tayloe Magee confers that WILLNESHIA TAYLOR MAGEE will be on general
            appearance. Willneshia Taylor Magee will be speaking on behalf of WILLNESHIA TAYLOR
            MAGEE because WILLNESHIA TAYLOR MAGEE is incapable of speaking writing.
4. Jurisdiction of this court arises under 18 USC 1964(a) and 18 USC 1965. The venue in this district is proper in that substantial event transpired in Palm Beach County, and the conduct-complaint occurred in

*Palm Beach County, The Jurisdiction is proper because the amount of controversy is over 75k, which also arises under the Federal Securities Exchange Act.* Defendant:

*Florida Power & Light/Next Era Energy: is also doing business in with the "STATE OF FLORIDA" and is within the jurisdiction of this Honorable Federal Court*

### III. PARTIES

*Plaintiff identifies as Willneshia Taylor Magee, a consumer and natural person who participated in a consumer-credit transaction, for personal, family, or household purposes identified herein as a "Promissory Note." residing in Palm Beach County.*
*Upon information belief,* Florida Power & Light/Next Era Energy                                :
*Defendant: a corporation with its principal place of business located at 700 Universe Blvd, Juno Beach FL 33408 who conduct business in the state of Florida.*

### IV. FACTS OF COMPLAINT

*It is a fact that I am the only natural person involved in this transaction with first-hand knowledge of the details surrounding the consumer-credit transaction, identified as a "Negotiable Instrument" herein. I am the registered owner of the Certificated Security of the Precedent Landed Estate and am fully informed about the matters attested to herein. I have tried to remedy this situation privately Iam now asking the honorable Court, and Judge to to intervene.*

### III. FACTUAL ALLEGATIONS

During the period of 08-2014-06-2021, and 10/2022-11-2023, I transferred a financial asset to Florida Power & Lights/ Next-Era Energy. Under UCC Article 8. Subsequent to this transfer, the financial asset underwent a securitization process. As a result of the securitization process, all secondary marketable securities and coupons derived from the original financial asset rightfully belong to me as the registered owner.
Value Basis: The value of the transferred financial asset is determined by the monthly services provided by Florida Power & Lights/Next Era Energy for electricity. therein are governed by the laws of the United States of America, notably UCC Article 3, Article 8, and Article 9. My interest as the registered owner in the securities, accounts payable and receivable, escrow account, and financial asset, as well as the designated account for special deposits, is verified by a financing statement. For added assurance and indemnification of the transaction, my social security account number was provided. Florida Power & Lights/Next Era Energy is obligated to establish an escrow account for the raised capital of the mutual account to offset potential liabilities and avoid bankruptcy for both parties. I retain and reserve all rights detailed in the financing statement. Breaches or non-compliance with the commitments herein empower me with the right to legal remedies as provided under the law. Without informing or gaining the consent of the Plaintiff, the Defendant initiated a securitization process, which involved the sale of the loan note. This process effectively converted the Plaintiff's loan into an asset-backed security.
. A promissory note is an unconditional promise to pay.
The promissory notes are negotiable instruments.
All promissory notes are collateral securities in accordance with 12 USC 412.
All promissory notes produced by WILLNESHIA TAYLOR MAGEE are under the purview of 18 USC 8.
 WILLNESHIA TAYLOR MAGEE is now the holder in due course regarding all negotiable instruments from accounts... Any previous agreements, contracts, and clauses are hereby void due to extreme alleged felonies, and fraud associated with this case.

## V. COUNT ONE-BREACH OF CONTRACT

Plaintiff realleges and restates the foregoing jurisdictional allegations and general factual allegations
Florida Power & Lights/Next-Era Energy entered into a contractual agreement with Plaintiff for the
provision of utility services, specifically electricity, to the premises located at 455 Cheerful Street apt 205
West Palm Beach FL 33407, and 4240 Randolph Way apt 407 Palm Beach Gardens Fl 33410
II. Contractual Obligations
Pursuant to the terms of the contract, the Company was obligated to accurately bill the Plaintiff for actual
utility usage based on meter readings and applicable rates. The Plaintiff, in turn, was obligated to pay the
Company for the utility services provided in accordance with the agreed-upon terms and conditions.
III. Breach of Contract
4. The Company breached the contract by engaging in the following actions:
a. Issuing Bills for Non-Owed Amounts: Florida Power & Lights/Next-Era Energy systematically issued bills
to the Plaintiff for amounts that were not reflective of actual utility usage amounts owed, thereby
demanding payment for services not owed.
b. Failure to Comply with Legal Requirements: The defendants failed to comply with legal requirements
governing utility billing practices, including but not limited to
i. Fair Billing Practices: The defendants violated fair billing practices by charging the Plaintiff for services
not owed
ii. Accuracy of Billing: The defendants failed to ensure the accuracy of billing statements, leading to
erroneous charges being imposed on the Plaintiff
iii. Compliance with Regulatory Standards: The Company disregarded regulatory standards and guidelines
set forth by Florida Power & Lights/Next-Era Energy regarding billing transparency, accuracy, and dispute
resolution.

Florida Power & Lights/Next-Era Energy was informed by Plaintiff (see company response attached) that

there were collateral securities involved in this transaction.

Exchanged Federal Reserve Notes were ordered to be placed in escrow for disbursement.

Defendant Florida Power & Lights/Next-Era Energy received the above orders.

Defendant Florida Power & Lights/Next-Era Energy reviewed the above orders and responded Plaintiff has

no legal standing, and they will not respond again their answer is final and ignored orders to have collateral

securities exchanged for Federal  Reserve Notes. Florida Power & Lights/Next-Era Energy decided these

orders are to be ignored. Due to this breach of contract, the plaintiff was not able to receive a call informing of

the upper stomach bleed from testing, and the emergency to get to the hospital due to Florida Power &

Lights/Next-Era Energy illegally disconnecting the Plaintiff's utilities for over Five Days while

undergoing Chemotherapy for first stage Ovarian Cancer. This damaged the plaintiff, because of

Florida Power & Lights/Next-Era Energy's actions Plaintiff almost died due to not knowing a bleed was going on until it was almost too late. The plaintiff had to be rushed to the hospital via ambulance where the plaintiff was informed had another hour gone by it may have been too late. The plaintiff had to undergo surgery to stop the bleeding and receive Two Blood Transfusions to replace the blood that was lost. The plaintiff spent three days in the hospital. Refusal to Rectify Errors: Despite repeated requests and notifications from the Plaintiff regarding the inaccuracies in billing statements, Florida Power & Lights/Next-Era Energy negligently refused to rectify the errors and continued to demand payment for non-owed amounts. As a result of the defendant's breach of contract and violations of legal requirements, the plaintiff has suffered damages, including but not limited to financial losses, inconvenience, and mental distress. The defendant's actions constitute a clear breach of the contractual agreement and demonstrate a disregard for legal obligations and consumer rights.

## VI. COUNT TWO – BREACH OF FIDUCIARY DUTIES:

Plaintiffs reallege and restate the foregoing jurisdictional allegations and general facts The Defendants, Florida Power & Light Company (FPL) and NextEra Energy, Inc. (hereinafter collectively referred to as "Defendants"), owed fiduciary duties to the Plaintiff (hereinafter referred to as "Plaintiff") regarding the handling and communication of financial matters, including billing statements and financial disclosures.

II. Fiduciary Obligations

2. Pursuant to the fiduciary relationship, the Defendants were obligated to act in the Plaintiff's best interests, provide full and accurate information regarding financial transactions, and disclose material facts that could impact the Plaintiff's financial interests.

III. Breach of Fiduciary Duties

3. The Defendants breached their fiduciary duties by engaging in the following actions:

a. Misrepresentation of Billing Statements: The Defendants misrepresented monthly billing statements as actual bills of amounts owed by the Plaintiff for utility services, failing to disclose that these statements represented monthly interest or securities related to the Plaintiff's accounts.

b. Failure to Disclose Interest or Securities: Despite being aware that the monthly statements did not reflect actual bills but rather financial interests or securities, the Defendants failed to inform the Plaintiff of this critical information, leading to a misrepresentation of the nature and purpose of the statements.

c. Deceptive Communication Practices: The Defendants engaged in deceptive communication practices by deliberately omitting information regarding the true nature of the monthly statements, thereby misleading Plaintiff into believing that the statements were regular bills for services rendered.

d. Failure to Exercise Fiduciary Care: The Defendants failed to exercise the level of fiduciary care and diligence expected in handling financial matters, including billing and financial disclosures, which resulted in harm and financial losses to the Plaintiff.

IV. Harm and Damages

4. As a direct result of the Defendant's breach of fiduciary duties, the Plaintiff suffered harm and damages, including but not limited to:

a. Financial losses due to incorrect understanding of billing statements and payment obligations.

b. Mental distress and inconvenience caused by the Defendants' deceptive practices and failure to disclose material information.

c. Diminished trust and confidence in the Defendants' fiduciary responsibilities and financial communications.

V. Legal Consequences

5. The Defendants' actions constitute a clear breach of fiduciary duties owed to the Plaintiff, demonstrating a lack of transparency, honesty, and diligence in financial matters.

The Plaintiff seeks appropriate remedies, including but not limited to:

a. Restitution of any financial losses incurred as a result of the Defendants' actions.

b. Compensatory damages for hospital bills, mental distress, inconvenience, and loss of trust.

c. Injunctive relief to prevent further breaches of fiduciary duties and deceptive communication practices by the Defendants.

**COUNT SIX – 18 U.S.C. § 1348 (SECURITIES AND COMMODITIES FRAUD)**

Plaintiff reallege and restate the foregoing jurisdictional allegations and general factual allegations. The Defendants, Florida Power & Light Company (FPL) and NextEra Energy, Inc. (hereinafter collectively referred to as "Defendants"), engaged in securities and commodities fraud in violation of 18 U.S.C. § 1348, causing material harm and damages to the Plaintiff.

## II. Lack of Disclosure Regarding Negotiable Instruments

2. The Plaintiff was never informed by the Defendants that certain instruments involved in the transactions were negotiable. A bill of exchange is a negotiable instrument.

. Bills of exchange are collateral securities pursuant to **12 U.S.C. § 412.**

Defendants failed to disclose various optional indorsements as per UCC Article 3, leading to a lack of complete understanding of the terms and options of signing or indorsing collateral securities.

## III. Material Damage to Plaintiff

4. The lack of disclosure and failure to inform the Plaintiffs about the negotiable nature of the instruments materially damaged the Plaintiffs.

Valuable instruments were purloined and rendered unavailable to the Plaintiffs due to the Defendants' actions.

## IV. Plaintiffs as Secured Parties. Florida Power &Lights/Next-Era Energy defrauded the plainitff

under 25 CFR11.423

6. Plaintiffs' signatures were the birth of value for all the negotiable instruments involved in the transactions.

> As a result, the Plaintiffs are the secured parties for all transactions related to these negotiable instruments.

## V. Legal Consequences

8. The Defendants' actions constitute securities and commodities fraud under 18 U.S.C. § 1348, involving the failure to disclose material information and the manipulation of negotiable instruments to the detriment of the Plaintiffs.

The Plaintiffs seek remedies, including but not limited to:

a. Restitution of the purloined instruments or their equivalent value.

b. Compensatory damages for the material harm suffered.

> c. Injunctive relief to prevent further fraudulent activities by the Defendants.

## VI. Conclusion

10. Based on the factual allegations and legal violations described herein, the Plaintiffs assert a valid claim for securities and commodities fraud under 18 U.S.C. § 1348 against Florida Power & Light Company and NextEra Energy, Inc., seeking redress for the damages and losses incurred as a result of the Defendants' fraudulent conduct.

## VI. COUNT 2: VIOLATION OF THE TRUTH IN LENDING ACT (TILA)

Plaintiff realleges and restates the foregoing jurisdictional allegations and general factual allegations.

II. TILA Disclosure Obligations

2. The Truth in Lending Act (TILA), in conjunction with Regulation Z, imposes an obligation on creditors to disclose material terms and conditions of loans to consumers.

III. Defendants' Non-Disclosure of Securitization Process

3. The Defendants, Florida Power & Light Company (FPL), and NextEra Energy, Inc. (hereinafter collectively referred to as "Defendants"), failed to disclose the securitization process to consumers, which is a violation of TILA.

> This violation is established in the legal precedent of Jesinoski v. Countrywide Home Loans, Inc., 574 U.S. 259 (2015), which affirmed the importance of full and accurate disclosure under TILA.

IV. Class Action Allegation

5. The Plaintiff alleges this violation in the case of a class action, seeking remedies under 15 U.S. Code § 1640, which provides for civil liability for violations of TILA.

V. Legal Consequences

6. The Defendants' non-disclosure of the securitization process constitutes a violation of TILA and Regulation Z, depriving consumers of critical information about their loans and financial obligations.

VI. Relief Sought

7. The Plaintiff seeks remedies, including but not limited to:

a. Statutory damages as provided for under TILA.

b. Injunctive relief to compel the Defendants to disclose the securitization process and comply with TILA requirements.

c. Any other relief deemed just and appropriate by the court.

VII. Conclusion

8. Based on the factual allegations and legal principles described herein, the Plaintiff asserts a valid claim for violation of the Truth in Lending Act (TILA) against Florida Power & Light Company and NextEra Energy, Inc., and seeks redress for the harm and damages caused by the Defendants' failure to disclose material loan terms and conditions.

Plaintiff realleges and restates the foregoing jurisdictional allegations and general factual allegations.

II. UCC 3-301 Violation

2. UCC 3-301 stipulates that a person entitled to enforce an instrument is either the holder of the instrument, a non-holder in possession of the instrument who has the rights of a holder, or a person not in possession of the instrument who is entitled to enforce the instrument.

In this case, the Defendant, by not including the note in the security interest and subsequently selling the note, is not the holder of the note. Therefore, Defendant has forfeited its right to enforce the note under UCC 3-301, which results in nullifying the Plaintiff's obligation to pay the debt.

COUNT 4: VIOLATION OF UNIFORM COMMERCIAL CODE (UCC) 3-604

Plaintiff realleges and restates the foregoing jurisdictional allegations and general factual allegations. II. UCC 3-604 Violation.  As per UCC 3-604, if an instrument is paid by a party obliged to pay the instrument and the party paying the instrument receives a conspicuous statement to the effect that the payment is in full satisfaction of the obligation, the effect of payment is discharged to the extent of the payment. In this case, by selling the note, Defendant voluntarily discharged Plaintiff's debt under UCC 3-604, absolving Plaintiff of any liability under the note.UCC 3-301 Violation

2. UCC 3-301 stipulates that a person entitled to enforce an instrument is either the holder of the instrument, a non-holder in possession of the instrument who has the rights of a holder, or a person not in possession of the instrument who is entitled to enforce the instrument.

In this case, the Defendant, by not including the note in the security interest and subsequently selling the note, is not the holder of the note. Therefore, Defendant has forfeited its right to enforce the note under UCC 3-301, which results in nullifying Plaintiff's obligation to pay the debt.UCC 3-301 Violation
2. UCC 3-301 stipulates that a person entitled to enforce an instrument is either the holder of the instrument, a non-holder in possession of the instrument who has the rights of a holder, or a person not in possession of the instrument who is entitled to enforce the instrument.
In this case, the Defendant, by not including the note in the security interest and subsequently selling the note, is not the holder of the note. Therefore, Defendant has forfeited its right to enforce the note under UCC 3-301, which results in nullifying the Plaintiff's obligation to pay the debt.

c. Injunctive relief to prevent further unauthorized alterations and protect the Plaintiff's legal rights.

V. Conclusion

8. Based on the factual allegations and legal violations described herein, the Plaintiff asserts a valid claim for Material Alteration under Title 18, Section 510, against Florida Power & Light Company and NextEra Energy, Inc., and seeks redress for the damages and losses caused by the unauthorized alteration of the contract agreement.

## COUNT SIX: EXTORTION 18 USC 41, 18 USC 873

I. Introduction

Plaintiff realleges and restates the foregoing jurisdictional allegations and general factual allegations.

II. Extortion Claim

2. The Defendants have demanded payment of Electricity despite it not being legally owed, which the Plaintiff views as an act of extortion under **18 USC 41 and 18 USC 873**. During a period of Nine Years. The plaintiff has been getting Extorted from FPL/Next Era Energy without a legally binding contract.

These unwarranted demands have placed undue financial burden and stress on the Plaintiff, constituting extortionate behavior.

III. Application of the RICO Act

4. In addition to the extortion claim, it is essential to consider the application of the federal Racketeer Influenced and Corrupt Organizations Act (RICO), found in **18 U.S.C. §§ 1961-1968.**

RICO is a federal act designed to combat organized criminal enterprises that engage in a pattern of unlawful activity.
While primarily associated with combating organized crime, RICO also has applications in civil cases involving patterns of racketeering activity, including acts of extortion.

IV. Damages Incurred

7. The Plaintiff has suffered various damages as a result of the extortionate demands made by the Defendants, including but not limited to:

## COUNT FIVE: MATERIAL ALTERATION Title 18, Section 510

### I. Introduction

Plaintiff realleges and restates the foregoing jurisdictional allegations and general factual allegations.

### II. Material Alteration Claim

2. The Plaintiff asserts that the retail contract agreement initially signed was materially altered without the Plaintiff's knowledge or consent.

This alleged alteration involved the improper use of the Plaintiff's signature and social information, raising significant concerns about the legality and validity of the contract agreement.
Such material alteration constitutes a violation of Title 18, Section 510, which prohibits the alteration of documents without proper authorization.

### III. Damages Incurred

5. As a result of the material alteration of the contract agreement, the Plaintiff has suffered various damages, including but not limited to:

a. Financial harm due to unauthorized changes to contractual terms and obligations.

b. Mental distress and inconvenience caused by the unauthorized alteration of personal information and legal documents.

c. Loss of trust and confidence in the contractual relationship with the Defendants.

### IV. Entitlement to Relief

6. The Plaintiff is entitled to remedies and relief under UCC Code 3-407, which addresses alterations of instruments without authority.

Remedies sought by the Plaintiff include, but are not limited to:

a. Restitution of any financial losses incurred as a result of the material alteration.

b. Compensatory damages for mental distress, inconvenience, and loss of trust.

a. Financial harm due to the unwarranted demands for payment of Utilities.

b. Mental distress and emotional stress caused by the extortionate behavior of the Defendants.

c. Loss of trust and confidence in dealing with the Defendants' business practices.

V. Entitlement to Relief

8. The Plaintiff is entitled to remedies and relief under 18 USC 41 and 18 USC 873 for extortion, as well as under the RICO Act for patterns of racketeering activity.

Remedies sought by the Plaintiff include, but are not limited to:

a. Damages for financial harm and mental distress caused by extortionate behavior.

b. Injunctive relief to prevent further extortionate demands and protect the Plaintiff's legal rights.

c. Legal sanctions and penalties against the Defendants for their unlawful actions.

VI. Conclusion

10. Based on the factual allegations and legal violations described herein, the Plaintiff asserts a valid claim for Extortion under 18 USC 41 and 18 USC 873 against Florida Power & Light Company and NextEra Energy, Inc., and seeks redress for the damages and losses caused by the Defendants' extortionate behavior.

## COUNT SEVEN: EMBEZZLEMENT Title 18 USC Section 641

I. Introduction

Plaintiff realleges and restates the foregoing jurisdictional allegations and general factual allegations.

II. Embezzlement Claim

2. Title 18 of the United States Code, specifically Section 641, defines embezzlement as the theft or misappropriation of funds or property by a person who has been entrusted with that property, typically in a position of trust or responsibility.

The Defendants, Florida Power & Light Company (FPL) and NextEra Energy, Inc., have failed to adhere to their obligations regarding the proper handling and utilization of the Plaintiff's liquid-backed asset.

Despite its intended purpose, the company has not returned the securities despite their improper use, leaving the Plaintiff without the funds that were rightfully owed.

## III. Violation of UCC Codes

5. This conduct also constitutes a violation of Article 8/9 of the Uniform Commercial Code (UCC) regarding the proper handling and utilization of securities and liquid-backed assets.

## IV. Damages Incurred

6. The Plaintiff has suffered substantial damages as a result of the Defendants' embezzlement, including but not limited to:

a. Financial losses due to the misappropriation of funds or property.

b. Loss of trust and confidence in the Defendants' handling of entrusted assets.

## V. Entitlement to Relief

7. The Plaintiff is entitled to remedies and relief under Title 18 USC Section 641 for embezzlement, as well as under the UCC Codes for violations related to securities and liquid-backed assets.

Remedies sought by the Plaintiff include, but are not limited to:

a. Restitution of the misappropriated funds or property.

b. Compensatory damages for financial losses and damages to reputation.

c. Legal sanctions and penalties against the Defendants for their embezzlement.

## VI. Conclusion

9. Based on the factual allegations and legal violations described herein, the Plaintiff asserts a valid claim for Embezzlement under Title 18 USC Section 641 against Florida Power & Light Company and NextEra Energy, Inc., and seeks redress for the damages and losses caused by the Defendants' misappropriation of funds or property.

**COUNT EIGHT: DEFAMATION OF CHARACTER - The Lanham Act (15 U.S.C. § 1125)**

## I. Introduction

Plaintiff realleges and restates the foregoing jurisdictional allegations and general factual allegations.

## II. Defamation Claim

2. The Lanham Act (15 U.S.C. § 1125) provides protections against false or misleading statements that harm a person's reputation or character in connection with commercial activities.

The Defendants, Florida Power & Light Company (FPL) and NextEra Energy, Inc., have engaged in defamatory actions that have damaged the Plaintiff's character and reputation.

## III. False and Misleading Statements

4. The Defendants made false and misleading statements about the Plaintiff, which have harmed the Plaintiff's reputation and character.

These statements were made in connection with commercial activities and have negatively impacted the Plaintiff's standing in the community and business relationships.

## IV. Violation of The Lanham Act

6. The Defendants' defamatory actions constitute a violation of The Lanham Act (15 U.S.C. § 1125), which prohibits false or misleading statements that harm a person's character or reputation in connection with commercial activities.

## V. Damages Incurred

7. The Plaintiff has suffered significant damages as a result of the Defendants' defamation, including but not limited to:

a. Damage to reputation and character, leading to loss of business opportunities and relationships.

b. Emotional distress and mental anguish caused by the false and misleading statements.

c. Economic losses due to harm to the Plaintiff's professional standing and credibility.

VI. Entitlement to Relief

8. The Plaintiff is entitled to remedies and relief under The Lanham Act (15 U.S.C. § 1125) for defamation of character.

Remedies sought by the Plaintiff include, but are not limited to:

a. Compensatory damages for the harm caused to reputation and character.

b. Injunctive relief to prevent further defamatory actions by the Defendants.

   c. Legal sanctions and penalties against the Defendants for their defamatory conduct.

VII. Conclusion

10. Based on the factual allegations and legal violations described herein, the Plaintiff asserts a valid claim for defamation of character under The Lanham Act (15 U.S.C. § 1125) against Florida Power & Light Company and NextEra Energy, Inc., and seeks redress for the damages and losses caused by the Defendants' defamatory actions.

**COUNT ELEVEN: LAUNDERING OF MONETARY INSTRUMENTS - 18 USC 1956**

I. Introduction

   Plaintiff realleges and restates the foregoing jurisdictional allegations and general factual allegations.

II. Money Laundering Claim

2. 18 USC 1956 addresses the laundering of monetary instruments and prohibits illegal possession and transfer of negotiable instruments.

   The Defendants, Florida Power & Light Company (FPL) and NextEra Energy, Inc., engaged in illegal possession and transfer of negotiable instruments, which constitutes money laundering under 18 USC 1956.

III. Plaintiff as Person Entitled to Enforce Instruments

4. The Plaintiff became the person entitled to enforce these instruments, and the Defendants' illegal possession and transfer of the negotiable instruments violated the Plaintiff's rights and legal standing.

IV. Violation of 18 USC 1956

5. The Defendants' actions constitute a violation of 18 USC 1956, which prohibits money laundering through illegal possession and transfer of monetary instruments.

V. Damages Incurred

6. The Plaintiff has suffered damages as a result of the Defendants' money laundering activities, including but not limited to:

a. Financial harm due to the illegal transfer of negotiable instruments.

b. Loss of trust and confidence in the Defendants' business practices.

c. Potential legal repercussions and liabilities associated with money laundering.

VI. Entitlement to Relief

7. The Plaintiff is entitled to remedies and relief under 18 USC 1956 for money laundering.

Remedies sought by the Plaintiff include, but are not limited to:

a. Restitution of any financial losses incurred as a result of the money laundering activities.

b. Compensatory damages for harm to reputation and trust.

c. Legal sanctions and penalties against the Defendants for their money laundering conduct.

VII. Conclusion

9. Based on the factual allegations and legal violations described herein, the Plaintiff asserts a valid claim for money laundering under 18 USC 1956 against Florida Power & Light Company and NextEra Energy, Inc., and seeks redress for the damages and losses caused by the Defendants' illegal possession and transfer of negotiable instruments.

## COUNT ELEVEN: IDENTITY THEFT

I. Introduction

Plaintiff realleges and restates the foregoing jurisdictional allegations and general factual allegations.

II. Identity Theft Claim

2. The Plaintiff alleges that the term "identity theft," as described in 15 U.S. Code § 1681a(q)(3) and Regulation V 12 CFR 1022.3, refers to a fraud committed or attempted using the identifying information of another person without authority.

The Defendants, Florida Power & Light Company (FPL) and NextEra Energy, Inc., have engaged in identity theft by unlawfully using the Plaintiff's identifying information to securitize money laundering and file a 1099 form with the IRS after three years, claiming credits that are considered abandoned on behalf of the Plaintiff without their knowledge or consent.

## III. Unlawful Use of Identifying Information

4. The Defendants' actions constitute identity theft under federal law, as they have misused the Plaintiff's identifying information without authority, resulting in fraudulent financial transactions and unjust enrichment for the Defendants.

## IV. Damages Incurred

5. The Plaintiff has suffered substantial damages as a result of the Defendants' identity theft, including but not limited to:

a. Financial losses due to fraudulent securitization and unjust enrichment by the Defendants.

b. Damage to credit and reputation caused by unauthorized use of identifying information.

c. Mental distress and emotional harm resulting from the fraudulent actions of the Defendants.

## V. Entitlement to Relief

6. The Plaintiff is entitled to remedies and relief under 15 U.S. Code § 1681a(q)(3), Regulation V 12 CFR 1022.3, and other relevant laws for identity theft.

Remedies sought by the Plaintiff include, but are not limited to:

a. Restitution of financial losses and damages caused by identity theft.

b. Injunctive relief to prevent further unauthorized use of the Plaintiff's identifying information.

c. Legal sanctions and penalties against the Defendants for their identity theft and fraudulent activities.

## VI. Conclusion

8. Based on the factual allegations and legal violations described herein, the Plaintiff asserts a valid claim for identity theft against Florida Power & Light Company and NextEra Energy, Inc., and seeks redress for the damages and losses caused by the Defendants' unlawful use of identifying information.

## COUNT TWELVE: TRESPASS OF PLAINTIFF'S CESTUI-QUE TRUST AND UNAUTHORIZED ACCESS TO TRUST FUNDS

I. Introduction

Plaintiff realleges and restates the foregoing jurisdictional allegations and general factual allegations.

II. Trespass of Cestui-Que Trust Claim

2. The Defendants, Florida Power & Light Company (FPL) and NextEra Energy, Inc., without permission or legal authority, accessed funds from the Plaintiff's Cestui-Que Trust.

This unauthorized access to trust funds constitutes a trespass on the trust by unlawfully utilizing trust assets.

III. Interference with Trust Rights

4. The Defendants' actions interfered with the Plaintiff's trust rights by accessing trust funds without authorization, leading to financial harm and loss.

IV. Unauthorized Access Details

5. The unauthorized access to trust funds occurred on [specify date and time] when the Defendants, without lawful permission, gained access to the Plaintiff's Cestui-Que Trust and utilized trust assets for their own benefit.

V. Damages Incurred

6. As a result of the unauthorized access and trespass on the trust, the Plaintiff suffered significant damages, including but not limited to:

a. Financial losses due to the misappropriation of trust funds by the Defendants.

b. Emotional distress and mental anguish caused by the violation of trust rights and breach of fiduciary duty.

c. Loss of trust and confidence in the Defendants' integrity and legal compliance.

## VI. Entitlement to Relief

7. The Plaintiff is entitled to compensatory damages for the financial losses incurred as a result of the unauthorized access and trespass on the trust.

Additionally, punitive damages may be warranted to deter similar unlawful actions by the Defendants in the future and to serve as a deterrent against trust interference.

## VII. Conclusion

9. Based on the factual allegations and legal violations described herein, the Plaintiff asserts a valid claim for trespass of Plaintiff's Cestui-Que Trust and unauthorized access to trust funds against Florida Power & Light Company and NextEra Energy, Inc., and seeks redress for the damages and losses caused by the Defendants' unlawful actions.

Factual Allegation for Securities and Commodities Fraud (18 U.S.C. § 1348)

## I. Introduction

The Defendants, Florida Power & Light Company (FPL) and NextEra Energy, Inc. (hereinafter collectively referred to as "Defendants"), engaged in securities and commodities fraud in violation of 18 U.S.C. § 1348, causing material harm and damages to the Plaintiffs (hereinafter referred to as "Plaintiffs").

## II. Lack of Disclosure Regarding Negotiable Instruments

2. The Plaintiffs were never informed by the Defendants that certain instruments involved in the transactions were negotiable.

Defendants failed to disclose various optional indorsements as per UCC Article 3, leading to a lack of complete understanding of the terms and options of signing or indorsing collateral securities.

III. Material Damage to Plaintiffs

4. The lack of disclosure and failure to inform the Plaintiffs about the negotiable nature of the instruments materially damaged the Plaintiffs.

Valuable instruments were purloined and rendered unavailable to the Plaintiffs due to the Defendants' actions.

IV. Plaintiffs as Secured Parties

6. Plaintiffs' signatures were the birth of value for all the negotiable instruments involved in the transactions.

As a result, the Plaintiffs are the secured parties for all transactions related to these negotiable instruments.

V. Legal Consequences

8. The Defendants' actions constitute securities and commodities fraud under 18 U.S.C. § 1348, involving the failure to disclose material information and the manipulation of negotiable instruments to the detriment of the Plaintiffs.

The Plaintiffs seek remedies, including but not limited to:

a. Restitution of the purloined instruments or their equivalent value.

b. Compensatory damages for the material harm suffered.

c. Injunctive relief to prevent further fraudulent activities by the Defendants.

VI. Conclusion

10. Based on the factual allegations and legal violations described herein, the Plaintiffs assert a valid claim for securities and commodities fraud under 18 U.S.C. § 1348 against Florida Power & Light Company and NextEra Energy, Inc., seeking redress for the damages and losses incurred as a result of the Defendants' fraudulent conduct.

COUNT ELEVEN: LAUNDERING OF MONETARY INSTRUMENTS - 18 USC 1956

I. Introduction

Plaintiff realleges and restates the foregoing jurisdictional allegations and general factual allegations.

II. Money Laundering Claim

2. 18 USC 1956 addresses the laundering of monetary instruments and prohibits illegal possession and transfer of negotiable instruments.

The Defendants, Florida Power & Light Company (FPL) and NextEra Energy, Inc., engaged in illegal possession and transfer of negotiable instruments, which constitutes money laundering under 18 USC 1956.

III. Plaintiff as Person Entitled to Enforce Instruments

4. The Plaintiff became the person entitled to enforce these instruments, and the Defendants' illegal possession and transfer of the negotiable instruments violated the Plaintiff's rights and legal standing.

IV. Violation of 18 USC 1956

5. The Defendants' actions constitute a violation of 18 USC 1956, which prohibits money laundering through illegal possession and transfer of monetary instruments.

V. Damages Incurred

6. The Plaintiff has suffered damages as a result of the Defendants' money laundering activities, including but not limited to:

a. Financial harm due to the illegal transfer of negotiable instruments.

b. Loss of trust and confidence in the Defendants' business practices.

c. Potential legal repercussions and liabilities associated with money laundering.

VI. Entitlement to Relief

7. The Plaintiff is entitled to remedies and relief under 18 USC 1956 for money laundering.

Remedies sought by the Plaintiff include, but are not limited to:

a. Restitution of any financial losses incurred as a result of the money laundering activities.

b. Compensatory damages for harm to reputation and trust.

  c. Legal sanctions and penalties against the Defendants for their money laundering conduct.

VII. Conclusion

9. Based on the factual allegations and legal violations described herein, the Plaintiff asserts a valid claim for money laundering under 18 USC 1956 against Florida Power & Light Company and NextEra Energy, Inc., and seeks redress for the damages and losses caused by the Defendants' illegal possession and transfer of negotiable instruments.

**COUNT THIRTEEN: NEGLIGENCE AND INJURY**

I. Introduction

  Plaintiff realleges and restates the foregoing jurisdictional allegations and general factual allegations.

II. Negligence Claim

2. The Defendants, Florida Power & Light Company (FPL) and NextEra Energy, Inc., acted negligently by illegally shutting off the Plaintiff's power, leading to severe injury and harm.

III. Illegal Power Shut-off Details

3. On [specify date and time], the Defendants illegally shut off the Plaintiff's power without proper authorization or lawful reason.

  This illegal action resulted in significant harm and injury to the Plaintiff.

IV. Injury and Damages Incurred

5. As a direct result of the illegal power shut-off by the Defendants, the Plaintiff suffered severe injuries and damages, including but not limited to:

a. Hospitalization for three days due to the injuries caused by the power shut-off.

b. Necessary surgery to address the injuries and mitigate further harm.

c. Physical pain, suffering, and emotional distress caused by the negligent actions of the Defendants.

d. Financial losses incurred due to medical expenses, lost wages, and other related costs.

V. Entitlement to Relief

6. The Plaintiff is entitled to compensatory damages for the injuries, damages, and losses incurred as a result of the Defendants' negligence.

Additionally, punitive damages may be warranted to punish the Defendants for their reckless and illegal actions and to deter similar conduct in the future.

VI. Conclusion

8. Based on the factual allegations and legal violations described herein, the Plaintiff asserts a valid claim for negligence and injury against Florida Power & Light Company and NextEra Energy, Inc., and seeks redress for the damages, injuries, and losses caused by the Defendants' illegal power shut-off.

## COUNT FOURTEEN: CHILDREN'S RIGHTS VIOLATION

I. Introduction

Plaintiff realleges and restates the foregoing jurisdictional allegations and general factual allegations.

II. Children's Rights Violation Claim

2. The Defendants, Florida Power & Light Company (FPL) and NextEra Energy, Inc., violated the rights of a child by illegally shutting off the Plaintiff's power, leading to severe harm and distress for the child.

III. Illegal Power Shut-off Details

3. On [specify date and time], the Defendants illegally shut off the Plaintiff's power without proper authorization or lawful reason, knowing that a child was present in the household.

This illegal action directly violated the rights and well-being of the child.

IV. Harm and Damages Incurred

5. As a direct result of the illegal power shut-off by the Defendants, the child suffered severe harm and distress, including but not limited to:

a. Emotional trauma and distress caused by the sudden loss of power and disruption of essential services.

b. Health risks and safety concerns due to the lack of electricity, such as potential exposure to extreme temperatures or medical equipment failure.

c. Developmental and educational setbacks due to the disruption of daily routines and access to necessary resources.

V. Entitlement to Relief

6. The Plaintiff, representing the child's rights, is entitled to compensatory damages for the harm and distress caused by the Defendants' violation of children's rights.

Additionally, punitive damages may be warranted to punish the Defendants for their reckless disregard for the well-being of a child and to deter similar conduct in the future.

VI. Conclusion

8. Based on the factual allegations and legal violations described herein, the Plaintiff asserts a valid claim for Children's Rights Violation against Florida Power & Light Company and NextEra Energy, Inc., and seeks redress for the damages, harm, and distress caused by the Defendants' illegal power shut-off and violation of a child's rights.

## COUNT FIFTEEN: SECURITIES FRAUD Securities Exchange Act of 1934.

I. Introduction

> Plaintiff realleges and restates the foregoing jurisdictional allegations and general factual allegations.

II. Securities Fraud Claim

2. The Defendants, Florida Power & Light Company (FPL) and NextEra Energy, Inc., engaged in securities fraud by misrepresenting or omitting material information related to securities or investments.

III. Details of Securities Fraud

3. Section 10(b): This section prohibits the use of manipulative or deceptive devices in connection with the purchase or sale of securities. It is often used as the basis for securities fraud claims.

> Rule 10b-5: This is a rule promulgated under Section 10(b) that prohibits fraud, misrepresentation, or omission of material facts in connection with the purchase or sale of securities.
> Section 17(a): This section prohibits fraudulent or deceptive conduct in the offer or sale of securities.

Section 20(a): This section provides for secondary liability for persons who control individuals or entities that engage in securities fraud.

The Defendants misrepresented or omitted material information regarding securities or investments, leading to financial harm and losses for the Plaintiff. Securities Act of 1933: This act primarily regulates the initial issuance of securities and requires disclosure of material information to investors. Defendants used Plaintiff's signature, and social which is backed by full faith and credit by offering liquidity to do fractionalized banking through book entry system.

This fraudulent action directly violated securities laws and regulations.

IV. Harm and Damages Incurred

5. As a direct result of the securities fraud committed by the Defendants, the Plaintiff suffered significant financial harm and losses, including but not limited to:

a. Loss of investment value or capital due to false or misleading information provided by the Defendants.

b. Damages incurred from relying on fraudulent statements or omissions made by the Defendants regarding securities or investments.

c. Emotional distress and mental anguish caused by the financial losses and deception perpetrated by the Defendants.

V. Entitlement to Relief

6. The Plaintiff is entitled to compensatory damages for the financial harm and losses caused by the Defendants' securities fraud.

Additionally, punitive damages may be warranted to punish the Defendants for their fraudulent actions, deter future misconduct, and protect other investors from similar harm.

## VI. Conclusion

8. Based on the factual allegations and legal violations described herein, the Plaintiff asserts a valid claim for securities fraud against Florida Power & Light Company and NextEra Energy, Inc., and seeks redress for the damages, losses, and emotional distress caused by the Defendants' fraudulent misrepresentation or omission of material information related to securities or investments.

## COUNT SIXTEEN: WIRE FRAUD Title 18, Section 1343 of the United States Code (18 U.S.C. § 1343).

### I. Introduction

Plaintiff realleges and restates the foregoing jurisdictional allegations and general factual allegations.

### II. Wire Fraud Claim

2. The Defendants, Florida Power & Light Company (FPL) and NextEra Energy, Inc., engaged in wire fraud by using electronic communications to execute a scheme to defraud the Plaintiff.

### III. Details of Wire Fraud

3. Over a period of Nine Years, the Defendants utilized electronic communications, such as emails, phone calls, or online transactions, to execute a fraudulent scheme targeting the Plaintiff.

This fraudulent action directly violated wire fraud laws and regulations.

IV. Harm and Damages Incurred

5. As a direct result of the wire fraud committed by the Defendants, the Plaintiff suffered significant financial harm and losses, including but not limited to:

a. Loss of funds or assets due to deceptive practices or false representations made by the Defendants through electronic communications.

b. Damages incurred from relying on fraudulent information or promises conveyed via electronic means by the Defendants.

c. Emotional distress and mental anguish caused by the financial losses and deceit perpetrated by the Defendants using wire fraud tactics.

V. Entitlement to Relief

6. The Plaintiff is entitled to compensatory damages for the financial harm and losses caused by the Defendants' wire fraud.

> Additionally, punitive damages may be warranted to punish the Defendants for their fraudulent actions, deter future misconduct, and protect other individuals or entities from falling victim to similar wire fraud schemes.

VI. Conclusion

8. Based on the factual allegations and legal violations described herein, the Plaintiff asserts a valid claim for wire fraud against Florida Power & Light Company and NextEra Energy, Inc., and seeks redress for the damages, losses, and emotional distress caused by the Defendants' fraudulent use of electronic communications to defraud the Plaintiff.

**COUNT SEVENTEEN: Mail Fraud Title 18, Section 1341 of the United States Code (18 U.S.C. § 1341**

I. Introduction

> Plaintiff realleges and restates the foregoing jurisdictional allegations and general factual allegations.

II. Mail Fraud Claim. This statute specifically addresses mail fraud and prohibits the use of the United States Postal Service (USPS) or any private or commercial interstate carrier to carry out fraudulent schemes.

2. The Defendants, Florida Power & Light Company (FPL) and NextEra Energy, Inc., engaged in mail fraud by using the United States mail system to send fraudulent or deceptive billing communications.

III. Misrepresentation on Envelopes and Bills

3. During a period of 08-2014-11-2023, the Defendants sent bills to the Plaintiff using the United States mail system without clear and conspicuous disclosure as required by federal laws.

> Federal laws mandate that each bill sent by mail should prominently state on the front of the envelope and on the bill itself that it is not a bill but a solicitation, and the customer is under no obligation to pay unless you accept this offer under .**39 USC3001(d)(2)(A).**

IV. Failure to Comply with Legal Requirements

5. The Defendants failed to comply with federal laws and regulations regarding clear and conspicuous disclosure on billing communications sent by mail.

This failure to disclose important information on envelopes and bills constitutes a violation of mail fraud laws and regulations.

V. Harm and Damages Incurred

7. As a direct result of the Defendants' mail fraud, the Plaintiff suffered significant financial harm and losses, including but not limited to:

a. Payment of bills that were misrepresented as obligations, causing financial strain and unjust enrichment for the Defendants.

b. Emotional distress and mental anguish caused by the deceptive billing practices and financial burdens imposed on the Plaintiff.

c. Loss of trust and confidence in the Defendants' business practices, affecting the Plaintiff's relationship with the company.

VI. Alleged Bills Considered Void

8. The bills sent by the Defendants, which failed to comply with federal laws and regulations regarding clear disclosure, are considered void under applicable laws and regulations.

VII. Entitlement to Relief

9. The Plaintiff is entitled to compensatory damages for the financial harm and losses caused by the Defendants' mail fraud.

Additionally, punitive damages may be warranted to punish the Defendants for their deceptive practices, deter future misconduct, and protect consumers from similar fraudulent billing schemes.

VIII. Conclusion

11. Based on the factual allegations and legal violations described herein, the Plaintiff asserts a valid claim for mail fraud against Florida Power & Light Company and NextEra Energy, Inc., and seeks redress for the damages, losses, and emotional distress caused by the Defendants' misrepresentation on envelopes and bills sent through the United States mail system.

## COUNT EIGHTEEN: Debt by peonage  Title 18, Section 1581 of the United States Code (18 U.S.C. § 1581).

This statute is part of the federal law that prohibits slavery, involuntary servitude, and human trafficking.

- pursuant to 12CFR 202.2(b) consumer credit is defined as; credit extended to a natural person primarily for personal, family, or household purposes. Therefore, if pursuant to that same subsection credit means; the right granted by a creditor to defer its payment, or purchase property or services and defer payment therefor, the plainitff is the  consumer of this transaction seeing that Plaintiffs credit card, also known as plaintiff Social Security Number, funded the account in advance fully  by means of accessing plaintiffs open-ended credit card by law known as a social security number therefore paying FPL/Next Era Energy in advance out of the Cestui Que Trust for the entity known as WILLNESHIA TAYLOR MAGEE according to UCC3-402(b)(1) Willneshia Taylor Magee is the authorized "Representative" to the name on the instrument, therefore WILLNESHIA TAYLOR MAGEE was iable , not Willneshia Taylor Magee. Notice of fact there is a billing error pursuant to Regulation Z.  **15 USC 1666b (4)** The defendants  failure to reflect properly on a statement. If la balance is owed, it should be in the negative, but it isn't, it's clearly showing a positive balance. This is a billing error. Pursuant 19 CFR 149.3 there is an identification error.  Plaintiff did not need to provide a name and address, only a number to identify who was liable.  The social security number is the liability. .Throughout the course of the agreement, the Plaintiff

faithfully paid all bills and charges in advanced incurred for electricity consumption.

Description of Alleged Debt by Peonage:

- The Defendants, FPL and NextEra Energy, Inc., engaged in actions that resulted in a situation akin to debt by peonage.
- Despite the Plaintiff's consistent and timely payment of all electricity bills in advance, the Defendants continued to assert unwarranted financial obligations against the Plaintiff, creating a situation of perpetual indebtedness.
- The Defendants' actions were oppressive and exploitative, causing the Plaintiff to remain in a state of financial servitude and dependency on the Defendants' services.

Damages and Losses Incurred:

As a direct result of the Defendants' actions, the Plaintiff suffered significant damages and losses, including but not limited to:

a. Financial strain and hardship due to unjustified financial obligations asserted by the Defendants.

b. Emotional distress and mental anguish caused by the constant threat of financial consequences imposed by the Defendants.

- c. Loss of financial autonomy and freedom due to the coercive practices employed by the Defendants.

Effects on the Plaintiff:

- The Defendants' actions had a profound impact on the Plaintiff's well-being, causing stress, anxiety, and a diminished quality of life.
- The Plaintiff's rights and dignity were violated as a result of being subjected to oppressive and exploitative financial practices.

Entitlement to Relief:

- The Plaintiff is entitled to compensatory damages to cover the financial losses incurred as a result of the Defendants' actions.
- Additionally, punitive damages may be warranted to punish the Defendants for their oppressive and exploitative conduct and to deter similar actions in the future.

**SUMMARY**

NOW, THEREFORE, in accordance with the pertinent legal provisions and in the interest of justice, the Plaintiffs respectfully request this Honorable Court to issue an Order for the award of monetary damages against the Defendants.  The Plaintiffs further seek any additional and appropriate relief that this Court, in its wisdom, may consider just and equitable given the circumstances at hand.

THE PLAINTIFF, WHILE ASSERTING CLAIMS FOR DAMAGES, REMAINS COMMITTED TO FACILITATING THE RESOLUTION OF THIS MATTER EXPEDITIOUSLY. The Plaintiff expresses a fervent interest in achieving an amicable resolution that is mutually beneficial. It is the sincere intention of the Plaintiff to conclude the matter with the disbursement of all due commissions. In pursuit of an outcome wherein all parties involved emerge victorious, the Plaintiff acknowledges the damages sustained and asserts their entitlement to compensation. THE PLAINTIFF ENTERED THIS COURT PROCEEDING WITH A CONSTRUCTIVE INTENT,  VESTED IN THE DESIRE TO COLLABORATE WITH THE DEFENDANTS TOWARDS A FAIR  AND EQUITABLE CONCLUSION.

*FIRST CLAIM OF RELIEF*

*Plaintiff re-alleges and reincorporates all previous paragraphs as if fully set out herein. The defendant has breached their fiduciary duty by concealing the fact that the promissory note is a negotiable instrument Defendant's conduct was negligent and or willful. The defendant caused injury in fact by failing to disclose all information so that the*

*consumer could make an informed decision Plaintiff is entitled to actual damages in the amount equal to the value*

*of all proceeds that FPL/Next Era Energy has unjustly gained at the loss of that resulted from an agreement made*

*without full disclosure*

*The plaintiff is entitled to reimbursement for all payments that resulted from an agreement made without full disclosure from both sides of the accounting ledger. 1635(b) - Right to rescission with the right to keep the property, return of any money involved in all the transactions from all sources be returned to me The plaintiff alleges pursuant to 15 U.S. Code § 1692k(a)(1) allows civil liability rewards for any damages, which may include stress and harassment, anxiety, mental anguish, and other damages to all caused by violations of FDCPA due to FPL/Next Era Energy's abusive and deceptive business practices.*

SECOND CLAIM OF RELIEF

*Plaintiff re-alleges and reincorporates all previous paragraphs as if fully set out herein*

*The defendant has unjustly enriched themselves by receiving the promissory note as an order to pay, placing a security interest in the addresses listed, furnishing monthly bills making the consumer believe a debt is owed, and illegally shutting off the plaintiff's power.*

*The plaintiff is entitled to actual damages equal to the value and the sum of payments made from the plaintiff to the defendant as a result of deceptive forms furnished to create a false belief in the plaintiff that a debt is owed. The plaintiff is also owed interest from both sides of the accounting ledger as the true holder in due course, and an investor in the transaction*

THIRD CLAIM FOR RELIEF

*Plaintiff re-alleges and reincorporates all previous paragraphs as if fully set out herein*

*The defendant has used racketeering activities by causing injury or threatening to cause injury to the plaintiff's livelihood and general reputation*

*The defendant has established a business relationship with consumer reporting agencies with the sole purpose of aiding in receiving payments on a monthly basis.*

*The defendant has maintained that they will ruin the plaintiff's reputation by damaging the plaintiff's consumer report if plaintiff does not make payments "on time" Monthly, and disconnection.*

*The Defendant has communicated to the consumer reporting agencies that the plaintiff has late or missed payments ruining the plaintiff's reputation and ability to access credit*

*Defendants' conduct was negligent or willful*

*Plaintiff is entitled to threefold the damages sustained and the cost of the suit including a reasonable attorney's fee pursuant to 18 U.S.C. 1964*

## FOURTH CLAIM FOR RELIEF

*Plaintiff re-alleges and reincorporates all previous paragraphs as if fully set out herein*

*Defendant is in violation of the Fair Credit Reporting Act by furnishing inaccurate late payments.*

*The defendant is in violation of the Fair Credit Reporting Act for making reports solely as to transactions and experiences between themselves and the plaintiff*

*Defendants' conduct is negligent or willful*

*The plaintiff is entitled to actual damages pursuant to 15 U.S.C. 1681n and 15 U.S.C. 1681o*

*The plaintiff is entitled to punitive damages pursuant to 15 U.S.C.1681n and 15 U.S.C.1681o*
*The Defendant violated and Securitized the plaintiff's note on both sides of the ledgers leaving out the plaintiff as the true holder in due course. plaintiff is entitled to over $100 Million Dollars*

## FIFTH CLAIM FOR RELIEF
*Plaintiff re-alleges and reincorporates all previous paragraphs as if fully set out herein*

*The defendant is in violation of the Fair Debt Collecting Practices Act for creating and furnishing deceptive forms creating the false belief in the plaintiff that a debt is owed.*

*Defendants' conduct is negligent and willful*

*The plaintiff is entitled to actual damages pursuant to 15 U.S.C. 1692k*

*The plaintiff is entitled to costs of action pursuant to 15 U.S.C. 1692k*

## SIXTH CLAIM FOR RELIEF
*Plaintiff re-alleges and reincorporates all previous paragraphs as if fully set out herein*

*Defendant is in violation of the Gramm Leach Bliley Act by sharing nonpublic personal information with nonaffiliated third parties without the permission of Plaintiff*

*The Defendant's conduct is negligent or willful*

*The plaintiff is entitled to $100,000 for each violation*

*Plaintiff is entitled to 10,000 per violation for officers and directors in charge of Defendant*

## PRAYER FOR RELIEF
*Wherefore Plaintiff respectfully seeks judgment in Plaintiff's favor against Defendant for the violations stated herein.*

   a.  *Actual damages in the amount of $278,388.36 for violations under the Racketeer Influenced and Corrupt Organization Act, The Fair Credit Reporting Act. Damages*

*sustained as a result of Unjust Enrichment and Damages sustained as a result of Non-*
*-non-disclosure.*

b.  *Punitive damages in the amount of $ 30 Million Dollars  or willful and negligent noncompliance pursuant to 15 U.S.C. 1681n(a)(2)*

c.  *Fees for each violation made under the FDCPA pursuant to 15 U.S.C. 1692k(a)(1) in the amount of $20 Million Dollars*

d.  *Fees  of $100,000 per violation made under the Gramm Leach Bliley Act*

e.  *Fee of $30,000  per violation for each CEO and CFO of FPL/Next Era Energy*

**Jury Demand**

**Pursuant to Rule 38 of the Federal Rules of Civil Procedure, I hereby demand a trial by jury on all issues so triable. I believe that a trial by a jury of my peers is essential in ensuring that justice is served and that my claims are evaluated impartially. I request that this Court honor my jury demand and proceed accordingly, and allow me to face my accusers in court.**

**Verification I, Willneshia Taylor Magee, hereby declare under penalty of perjury, pursuant to the laws of this jurisdiction, including all its contents and statements, is true and correct to the best of my knowledge, information, and belief. I understand that any false statements made herein may subject me to legal consequences as defined in Florida Statute Section 837.02, which governs perjury in official proceedings and is made punishable by subsection (2). WHEREFORE, the Plaintiff,  respectfully requests that this Court:**

**A. Enter judgment in favor of the Plaintiff and against the Defendant for all monetary damages, to be determined at trial;**

**B. Award the Plaintiff costs and expenses of this action under 15 U.S.C. § 1640(a);**

**C. Order the Defendant to produce the original note and to demonstrate that it was not securitized;**

**D. Grant any other relief the Court deems necessary, just, and proper.**

**The Plaintiff demands a trial by jury on all issues so triable. I declare under penalty of perjury under the laws of the United States of America, as per 28 USC § 1746, that the foregoing is true and correct.   Non-Citizen National of the United States, Executor of Precedent Landed Estate [WILLNESHIA TAYLOR MAGEE]**